CHIASSON, Judge.
Appellant, Secretary of the Department of Revenue and Taxation (Secretary), appeals the ruling of the District Court modifying the Occupational License Tax assessment the Secretary had made against appellee, C. T. Almand Distributor, Inc. (Almand).
Almand operates a bulk distribution plant for Gulf Oil Corporation products. The plant operates on a retail and wholesale basis selling wholesale to local service stations and stores, while their retail business *392 consists of farm, industrial and commercial customers. Included within its products are tires, batteries and accessories as well as all liquid petroleum products. The tires, batteries and accessories are bought by Al-mand from Gulf and it has paid Occupational License Tax for this portion of its business. It receives its petroleum products under a consignment agreement with Gulf. Almand remits the entire gross sales from the petroleum products directly to Gulf Oil Company and receives a commission from Gulf based upon these gross sales.
The Secretary sent a Notice of Assessment to Almand on October 31, 1978, for the amount of $2,038.50 ($1,620.00 in tax and $418.50 in interest) for the tax period of 1975-1978. Almand appealed this assessment to the Board of Tax Appeals contending that the taxes were paid and alternatively that the Secretary erred in assessing the tax under the wrong section.
The Board of Tax Appeals ruled in favor of Almand without assigning written reasons, vacating and setting aside the assessment. From this adverse ruling, the Secretary appealed to the District Court which modified the ruling.
The Court was of the opinion that Al-mand should be assessed under the provisions of La.R.S. 47:351 instead of La.R.S. 47:349. It relied on paragraph C of section 351 pertaining to distributing plants engaged in the storage and sale of petroleum products as the basis for its ruling. The Court thereafter amended its judgment and its written reasons allowing a credit to Al-mand for the Occupational License Tax already paid by Gulf Oil for the years 1975-1978 for this portion of the business. It further found that Almand could qualify as both a retailer and wholesaler under La. R.S. 47:353.1.
The Secretary perfected this appeal contesting the classification of Almand under section 351 and in crediting the taxes paid by Gulf Oil to Almand.
The sections of Title 47 in dispute are as follows:
“§ 349. For carrying on each business known as sugar factor, grain and produce commission house, manufacturer’s agent, or any other factorage or commission business, merchandise broker, or brokerage in money, produce, sugar or other brokerage business except as herein otherwise provided, whether buying or selling for actual spot or future delivery where the intention of the parties is to make an honest and bona fide delivery, the license shall be based on gross commissions earned for services performed by the broker or agent in Louisiana regardless of whether the principal or party solicited is within or without this State... . ” (Emphasis Added).
“§ 351-A. For every wholesale dealer in merchandise, not otherwise provided for by this Chapter or by special laws, whether the business be conducted at a fixed establishment or otherwise, and whether conducted as principal, agent on commission or otherwise, the license shall be based on the amount of gross sales, ...” (Emphasis Added.)
“C. In calculating the gross sales at bulk or distributing plants engaged in the storage and sale of petroleum products, the taxpayer shall exclude therefrom that part of the purchase price paid by him for gasoline, motor fuels or lubricating oils as shall equal the manufacturer’s or dealer’s license, privilege or excise tax levied by federal or state statutes on the manufacturing, handling, storing, selling or consuming of gasoline, motor fuels, or lubricating oils; * * * but nothing herein contained shall be construed as amending, altering or modifying any other Section of this Chapter.”
“§ 353.1 For every business of selling at retail from a fixed place of business, merchandise to dairymen and cattlemen or farmers, federal, state, parish or municipal governments, or institutions, or to hospitals, educational or charitable institutions, or to manufacturers, public utility companies, processors, refiners, fabricators, contractors, severers of natural resources, carriers of freight and/or passengers, pipe lines, hotels and restaurants, the license shall be based on gross annual sales. * * *
*393 “Wholesale dealers in merchandise and businesses selling building material at retail or wholesale, subject to tax under R.S. 47:351, who also sell at retail to the above named consumers, may obtain a single license covering both operations computed at the rates in this Section provided they include in the tax base the total gross sales of both types of businesses.”
We find the reasons for judgment of the Trial Court to be very explicit in its determination that Section 351 is applicable to Almand:
“The Secretary construes the phrase ‘any other factorage or commission business’ in Section 349 to cover Almand’s business. This construction is based on the fact that Almand receives a commission on sales of Gulf’s petroleum products. However, that approach overlooks the reference to an ‘agent on commission’ in Section 351.
“The fact is, not only does Section 351 deal with agents on commission, paragraph C specifically refers to ‘calculating the gross sales at bulk or distributing plants engaged in the storage and sale of petroleum products’ for licensing and taxing purposes. Although Sections 349 and 351 refer to commission businesses, Section 349 is very broad. Section 351 is somewhat more specific, at least insofar as bulk distributorships are concerned. In trying to reconcile these overlapping sections, it can be said, at least, Almand owes an occupational license tax under Section 351 because of the nature of Al-mand’s distributorship and the specific reference in Section 351 to such businesses; at worst, when read together, the statutes are ambiguous, and ambiguities must be resolved in favor of the taxpayer. Chicago Bridge and Iron Co. v. Cochreham, 317 So.2d 605 (La.1975). Resolution of this ambiguity in favor of Almand subjects Almand to the provisions of Section 351, a less burdensome statute.
“Insofar as Section 353.1 entitles the taxpayer to obtain a combined wholesale and retail occupational license (each respectively due under Sections 351 and 353), Almand is subject to the license and tax provisions of 47:353.1.”
We find that a reading of the two sections in the fashion outlined by the Trial Court is a correct interpretation. The more specific statute should be the one consulted in this matter. While La.R.S. 47:349 deals with commission businesses it specifically excludes all brokerage businesses otherwise provided for by law. Section 351, paragraphs A and C, specifically establishes ap-pellee’s type of business for licensing purposes as a “wholesale dealer.” We also are in agreement that La.R.S. 47:353.1 is applicable to Almand and the rates provided for therein should be applied to its operations.
The next matter to consider is whether Almand is entitled to a tax credit on this tax from the licenses bought by Gulf Oil. Gulf Oil bought wholesale licenses covering the sales of liquid petroleum products. Under La.R.S. 47:396, Gulf Oil is exempted from the Occupational License Tax, if it does not sell at the retail level. Almand conducts its business at 417 Church Street, Haynesville, Louisiana. Almand is the one who sells petroleum products to the retail outlets and to the consumers listed in La. R.S. 47:353.1. Payments for these sales are made to Almand in its name and not to Gulf Oil. The customers are buying from Almand who is the wholesale and retail dealer. Therefore, Gulf Oil is not selling at the retail level even though Almand never receives title to the liquid petroleum products under its consignment agreement with Gulf, which, in effect, is also a security device. While Almand does not have technical title to the petroleum products, it does have all the other responsibilities of an owner for these products.
Since Gulf Oil is exempt from purchasing a license, the ones that it did purchase listing 417 Church Street, Haynes-ville, Louisiana, as its address must have been for Almand’s business. This being the case, these licenses must be credited toward any assessment the Secretary might levy against Almand under Section 353.1.
*394 For these reasons, the judgment of the Trial Court, as amended, is affirmed at the Department of Revenue and Taxation’s costs in the amount of $247.95.
AFFIRMED.